Nash, J.
 

 The question in this case arises under the act of “44 ch. 31, which isas follows.” Hereafter no
 
 capias ad satisfaciendum
 
 shall issue, unless the plaintiff his agent or attorney shall make affidavit in writing, be-the Clerk of the Court in which the judgment may be, or the justice of the peace to whom application is made for such process, that he believes the defendant has not pro' perty to satisfy such judgment, which can be reached by a
 
 fieri facias,
 
 and has property, money and effects which cannot be reached by a
 
 fieri facias,
 
 or has frauduently concealed his property, money, or effetets, or is about to move from the State.
 

 In the case before us, the plaintiff swore or made affidavit “that the defendant had fraudulently concealed his money, property and effects, to defeat the plaintiff’s debt.’r The presiding Judge decided that the affidavit was in sufficient as it did not set forth
 
 further,
 
 that the defendant had no property which could be reached by a
 
 fieri facias,
 
 He seems to think that no affidavit under that act will.
 
 *519
 
 authorize a
 
 ca. sa.,
 
 which does noton its face show,that the defendant has no propertjq which can be reached by a
 
 fi. fa.
 
 We do not concur in this opinion; to us it appears that there are, in the act, three distinct grounds, upon which a
 
 ca. sa.
 
 is authorized. The first is, when the affidavit of the plaintiff states that the defendant has no property to satisfy his judgment, which can be reached by a
 
 fieri facias
 
 and that he believes he has property, money or effects, which cannot be reached by
 
 & fieri facias;
 
 secondly, when he swears that the defendant has fraudulently concealed his effects, and .thirdly, when he swears he is about to leave the State. The two first clauses in the act are coupled by the conjunction “ and” — and therefore go together and with much propriety. If the first clause stood by itself, constituting a substantial ground, on which the
 
 ca. sa.
 
 should issue, the object of the act might in many cases be evaded. If a man has no property upon which a
 
 fi. fa.
 
 can be levied, he may be entirely insolvent, and honestly so. But it was the honestly insolvent debtor, the law intended to protect, in the first instance It is not therefore sufficient for the affidavit to contain simply the first clause ; it must go further and set forth that he has property, money, and effects, which cannot be reached by a
 
 fieri facias
 
 and thereby show that he is not that honest debtor, for if he has the ability to pay,, and will not, he cannot claim to be an honest man. But on the second ground of issuing the
 
 ca. sa.,
 
 the legislature authorizes it upon the fact, that the defendant has fraudulently concealed his property. It does not require that the plaintiff should swear that he so conceals it that a
 
 fi.fa.
 
 cannot be levied on it, because property so concealed is by law liable to be sold under a
 
 fi.fa.
 
 and also for another, and perhaps a little better reason, that the man, who does fraudulently conceal his property, is not discerning- of protection against imprisonment; he is not the object intended to be favoured. The third clause provides.
 
 *520
 
 against those debters who are endeavouring to evade the payment of their debts by leaving the State. No honest man would so do. And if with a judgment obtained against him he endeavors to leave the State, and leave the judgment unsatisfied, it must be evident his object is a fraudulent one, and in such case, it cannot be necessary to set out in the affidavit the first ground. The Legislature intended, that that plan or purpose on the part of the debt- or, should, of itself, authorize the
 
 ca. sa.
 
 In all the provisions of the act the object of the Legislature is, while it protects from imprisonment the debtor, who honestly surrenders up to his creditors his property of every description, not to shelter,the knave or to assist him in
 
 carrying
 
 out his purposes or prevent the creditor from the use of all lawful means to procure satisfaction of his debt.
 

 Judgment reversed. The opinion will be certified to the Court Superior that that Court may issue a
 
 procedendo
 
 to the County Court to proceed in the case.
 

 Per Curiam. Ordered accordingly.